M. H. Levy Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 6181.   Promulgated February 20, 1928.

*A. O. Stanley, Esq.*, and *W. E. Barton, Esq.*, for the petitioner.
*W. F. Wattles, Esq.*, for the respondent.

MURDOCK: The petitioner complains that the Commissioner has computed his net income for each of the years in controversy by comparison of net worths, as of the beginning and ending of each year, as reflected by balance sheets prepared by the revenue agents in which accounts receivable for both years have been overstated, thereby overstating the net income for 1918 by $3,852.64, and that for 1919 by $15,735.95. The revenue agents' reports, which are in evidence, and the deficiency notice which is based on those reports clearly show that the Commissioner did not compute the net income in the manner asserted by the petitioner, but that he arrived at net income by deducting from net sales the cost of goods sold and the ordinary and necessary expenses of the business. These reports further show that he relied upon the National Cash Register cash and credit statement book, which is a combination cash and sales record, as a source of information as to the total net sales; and while there are some differences in the amounts of the sales shown in this book and those contained in his computations of net income, this is not to be wondered at since in our own examination of the record referred to we discovered therein no less than sixty-five mathematical errors and errors of omission of which no explanation had been offered.

No evidence was introduced by the petitioner to show that the net sales and the items of expense contained in the Commissioner's computations are incorrect; in fact, no issue was raised in the pleadings as to the correctness of a single one of these items. The petitioner's position plainly is that since the accounts receivable are overstated in the balance sheets prepared by the revenue agents, as of December 31, 1918, and 1919, the net income as computed by the Commissioner for each of those years must be wrong. While it might suffice to say that the evidence is insufficient to sustain the contention that accounts receivable have been overstated in the balance sheets prepared by the revenue agents, it may be added that assuming the contention to be well founded, it would not follow of necessity that the Commissioner's computations of net income are erroneous. The parties agree that the books are very incomplete, and that a large part of the assets and liabilities appearing in the balance sheets prepared by the revenue agents are not based upon authentic records. Since these balance sheets are not the basis of the Commissioner's determination of net income, we may not assume that errors appearing therein, if any, are reflected in that determination.

*Judgment will be entered for the respondent.*